

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111907 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Bryan L. Hettenbach |
| KENNICE L. BROCK, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 29, 2024 |

Kennice L. Brock appeals the judgment entered upon a jury verdict convicting him of first-degree murder. Brock argues that the trial court erred in denying his motion for judgment of acquittal at the close of all evidence because there was insufficient evidence of deliberation. The judgment is affirmed.

## Factual and Procedural Background

On July 15, 2020, Brock and his co-worker, S.G., traveled from Memphis, Tennessee, to St. Louis as contractors for a moving company. While in town, they visited a bar called Biker's Corner, and S.G. invited a few local friends, including the victim, to join them there for a barbecue. Multiple attendees noticed that Brock appeared angry and irritated and was behaving erratically. Brock carried a gun in his waistband and repeatedly flashed the weapon to other partygoers throughout the evening. Numerous people told Brock to put away his weapon, and S.G. warned him that if he did not stop "acting up," S.G. would send him back to Memphis on a bus.

One of the attendees, C.L., testified that he later overheard Brock repeatedly threaten to shoot the victim. The victim asked Brock why he wanted to shoot him and said, "You just want to shoot somebody." Brock replied, "no man . . . I ain't trippin[g]." Minutes later, the victim again asked Brock why he wanted to shoot him and then turned his back to Brock. At that point, Brock pulled out his gun, took at least two steps backward, aimed the gun at the victim and fired three times. Two of the bullets struck the victim in his right thigh. Brock immediately fled the scene without rendering aid to the victim, who "bled out over time" and died at a hospital.

The State charged Brock with first-degree murder and armed criminal action. At trial, Brock moved for a judgment of acquittal at the close of all evidence, which the trial court denied. The jury found Brock guilty of both charges, and the trial court sentenced him to life without parole for first-degree murder and fifteen years for armed criminal action. This appeal follows.

**Discussion**

In his sole point on appeal, Brock challenges his murder conviction, arguing that the trial court erred in denying his motion for judgment of acquittal at the close of all evidence. According to Brock, the State failed to prove beyond a reasonable doubt that he was guilty of first-degree murder because there was insufficient evidence that he deliberated before causing the victim's death. We disagree.

We review the denial of a motion for judgment of acquittal to determine if the State adduced sufficient evidence to make a submissible case. *State v. Mills*, 623 S.W.3d 717, 724 (Mo. App. E.D. 2021). Our review is limited to whether the State introduced sufficient evidence at trial for a reasonable juror to have found that each element of the offense was established beyond a reasonable doubt. *State v. Bateman*, 318 S.W.3d 681, 686-87 (Mo. banc 2010). "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a

reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder 'could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011) (quoting *Bateman*, 318 S.W.3d at 687). We accept as true all evidence favorable to the State and the reasonable inferences drawn therefrom, and we disregard all evidence and inferences to the contrary. *Id.* We give great deference to the trier of fact and will not reweigh the evidence. *Id.*

A person commits the offense of first-degree murder if he or she "knowingly causes the death of another person after deliberation upon the matter." Section 565.020.1.[1] Deliberation is defined as "cool reflection for any length of time no matter how brief." Section 565.002(5). "Deliberation is not a question of time—an instant is sufficient—and the reference to 'cool reflection' does not require that the defendant be detached or disinterested." *State v. Nathan*, 404 S.W.3d 253, 266 (Mo. banc 2013). The deliberation element serves to ensure that the jury believes the defendant acted deliberately, consciously and not reflexively. *Id.*

"Deliberation may be proved by indirect evidence and inferences reasonably drawn from the circumstances surrounding the killing." *Mills*, 623 S.W.3d at 725. For instance, deliberation may be inferred from a defendant's statements before the crime occurred, *State v. Scott*, 676 S.W.3d 336, 344 (Mo. App. E.D. 2023), or from the act of aiming and intentionally firing a gun at a victim, *Mills*, 623 S.W.3d at 725. Deliberation may also be inferred when the defendant has shot the victim multiple times or when the defendant leaves the scene immediately after the shooting without checking on the victim or procuring aid. *State v. Samuels*, 965 S.W.2d 913, 922-23 (Mo. App. W.D. 1998).

---

[1] All statutory references are to RSMo (2016), as updated by the Cumulative Supplement (2020).

Here, the State introduced ample evidence from which the jury could determine that Brock deliberated before causing the victim's death. Brock appeared angry and irritated and was behaving erratically throughout the evening. He repeatedly threatened to shoot the victim. Then, after the victim turned his back to him, Brock drew his firearm, took at least two steps backward to aim at the victim and fired three times. The jury could reasonably infer that Brock contemplated making good on his threats to shoot the victim during that time. *See State v. Johnston*, 957 S.W.2d 734, 747 (Mo. banc 1997); *Scott*, 676 S.W.3d at 344; *Mills*, 623 S.W.3d at 725. Indeed, the fact that Brock fired at the victim multiple times, taken by itself, supports a finding of deliberation. *See State v. Tisius*, 92 S.W.3d 751, 764 (Mo. banc 2002). Finally, the jury could reasonably infer deliberation from the fact that Brock fled the scene immediately after the shooting, without stopping to aid the victim while he was still alive. *See Samuels*, 965 S.W.2d at 922-23.

In sum, there was sufficient evidence for the jury to find beyond a reasonable doubt that Brock deliberated before killing the victim. The trial court properly denied Brock's motion for judgment of acquittal.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

_____
MICHAEL E. GARDNER, Judge

Thomas C. Clark II, C.J., concurs.
Virginia W. Lay, Sp.J., concurs.

4